# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MARK S. NELSON,

    Plaintiff

v.

STATE OF NEVADA, et. al.,

    Defendants

Case No.: 3:20-cv-00164-RCJ-WGC

**Report & Recommendation of
United States Magistrate Judge**

Re: ECF Nos. 1, 1-1, 1-2

    This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

    Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1). He has also filed a motion for a permanent injunction for denial of access to the courts. (ECF No. 1-2.0

## I. IFP APPLICATION

    A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

    The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP].

1     The application must be made on the form provided by the court and must include a financial

2 affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

3         "[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some

4 particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

5 (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the

6 benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

7       A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee;

8 therefore, the application should be granted.

9                 **II. SCREENING**

10 **A. Standard**

11         "[T]he court shall dismiss the case at any time if the court determines that-- (A) the

12 allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails

13 to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a

14 defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

15         Dismissal of a complaint for failure to state a claim upon which relief may be granted is

16 provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii)

17 tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the

18 court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668

19 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to

20 state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the

21 Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under

22 Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*,

23 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

The caption of Plaintiff's complaint names the State of Nevada. The body of the complaints names the following additional defendants: Officer Vargas; Justice Court Judge Mike James; District Attorney Jaran Stanton; Justice Court Clerk Amy; Justice Court Clerk Judy; and, Justice Court Clerk Sheri Gamble.

**1. Section 1983**

42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted). To state a claim under section 1983, a plaintiff must allege: (1) his or her civil rights were violated, (2) by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). To adequately plead the section 1983 elements, a complaint must identify what constitutional right each defendant violated, and provide sufficient facts to plausibly support each violation. *See e.g., Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (noting defendants must personally participate in misconduct to be liable under section 1983).

**2. State of Nevada**

The State of Nevada is not a person that may be sued under section 1983, and furthermore, Nevada may not be sued in federal court because of sovereign immunity under the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989); U.S. Const. amend XI. Therefore, the State of Nevada should be dismissed with prejudice.

**3. Officer Vargas**

Plaintiff states that Officer Vargas violated his right to equal protection "as stated in his testimony at trial."

Plaintiff provides no factual allegations to state an equal protection claim against Officer Vargas. To the extent Plaintiff takes issue with an underlying criminal conviction, such claims should be raised in a direct appeal or in a habeas petition after administrative remedies are exhausted, unless Plaintiff can demonstrate that his underlying conviction has been invalidated.

*Heck v. Humphrey*, 512 U.S. 477 (1994). The status of the criminal conviction and whether Plaintiff can state a claim against Officer Vargas is not clear; therefore, he should be dismissed with leave to amend.

### 4. Jaran Stanton

Plaintiff alleges that District Attorney Jaran Stanton violated his right to equal protection prior to the trial. (ECF No. 1-1 at 4.) He then says that Stanton could have offered him the same deal as was offered to other defendants, but said he would not. (*Id.*)

A prosecutor is protected by absolute immunity from liability for damages under § 1983 "when performing the traditional functions of an advocate." *Kalina v. Fletcher,* 522 U.S. 118, 131, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997). Jaran Stanton should be dismissed with prejudice.

### 4. Judge Mike James

Plaintiff avers that Judge Mike James violated his right to testify on his own behalf as a defendant at trial. (ECF No. 1-1 at 7, 8.)

Judges are entitled to absolute judicial immunity for acts performed in their official capacity, as Plaintiffs have alleged here. *See In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (judicial immunity is "a 'sweeping form of immunity' for acts performed by judges that relate to the 'judicial process.'"). "This absolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives, … or when the exercise of judicial authority is 'flawed by the commission of grave procedural errors.'") (citations omitted); *see also Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). Therefore, Judge Mike James should be dismissed with prejudice.

**5. Court Clerks Amy, Judy and Sherri Gamble**

Plaintiff then alleges that Court Clerks Amy, Judy and Sherri Gamble violated his right to access to the courts by not allowing him to file an appeal from his trial. (ECF No. 1-1 at 7. 8.) In his affidavit he states that he was found guilty in justice court and received a notice of appeal from Court Clerk Amy, which he filled out and returned to clerks Amy and Judy. He tried to return the notice of appeal form to both of them but was told they could not take and file the form and that he had to take it to the superior court in Hawthorne, Nevada. He did. He went to the superior court in Hawthorne and filed a notice of appeal with the court clerk there. He was told to get the record from the justice court. He went back and asked Amy and Judy for the record and was told it was not ready, and they did not know when it would be sent to the superior court. He called the next day and could not get any information from Amy or Judy so he called a clerk at the superior court and she told him to talk to the head justice court clerk, Sherri Gamble. He was advised he would have to come into her office and file the notice of appeal with the justice court and she would get the record. He states that he had already filed it with Clerks Amy and Judy and had a file stamp, and now the justice court clerks refuse to allow him to proceed. (ECF No. 1-2 at 4-5.)

Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process. *Mullis v. U.S. Bankrtupcy Court for Dist. of Nevada,* 828 F.2d 1385, 1390 (9th Cir. 1987) (citing *Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979); *Shipp v. Todd*, 568 F.2d 133, 134 (9th Cir. 1978); *Stewart v. Minnick*, 409 F.2d 826 (9th Cir. 1969)). In *Mullis*, the bankruptcy court clerks were alleged to have accepted and filed an incomplete bankruptcy petition and later refused to accept an amended petition. The court said even if true, all of these actions "are properly characterized

as integral parts of the judicial process." *Id*. The commencement of an action "is a basic and integral part of the judicial process." *Id*. (citations omitted). "The clerk of court and deputy clerks are the officials through whom such filing is done." *Id*. Therefore, the court concluded that they qualified for absolute quasi-judicial immunity. "[A] mistake or an act in excess of jurisdiction does not abrogate judicial immunity, even if it results in grave procedural errors." *Id*. (quotation marks and citation omitted).

Filing a notice of appeal and compiling or sending the attendant record to the higher court are also basic and integral parts of the judicial process performed by court clerks. Even if Plaintiff is correct that the clerks made some mistake as to the procedure, this does not abrogate their immunity. Therefore, the court finds that defendants Sherri Gamble, Amy and Judy should be dismissed with prejudice.

Plaintiff also filed a motion for a permanent injunction against Court Clerks Sherri Gamble, Amy and Judy. He states that they will not send his records to the superior court so he cannot proceed with his appeal. Plaintiff's motion for a permanent injunction (ECF No. 1-2) should be denied as moot.

## III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 1). Plaintiff is permitted to maintain this action without prepaying the filing fee or giving security therefor. This order granting IFP status does not extend to the issuance of subpoenas at government expense.

(2) The complaint (ECF No. 1-1) should be **FILED**.

(3) The following defendants should be **DISMISSED WITH PREJUDICE**: the State of Nevada, Judge Mike James, Jaran Stanton, Sherri Gamble, Amy and Judy.

(4) Plaintiff's motion for a permanent injunction (ECF No. 1-2) should be **DENIED AS MOOT**.

(5) Officer Vargas should be **DISMISSED WITH LEAVE TO AMEND**. Plaintiff should be given Plaintiff **30 DAYS** from the date of any order adopting this Report and Recommendation to file an amended complaint correcting the deficiencies noted above with respect to Officer Vargas, or notify the court that he does not wish to proceed with this action as to Officer Vargas. If he chooses to file an amended complaint, it must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading  as "AMENDED COMPLAINT." Plaintiff should be advised that if he fails to file an amended complaint within the 30 days, the action may be dismissed.

(6) Plaintiff may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

(7) This Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: March 26, 2020

_____
William G. Cobb
United States Magistrate Judge

8